Filed 10/16/13  P. v. Evans CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E058294 |
| v. | (Super.Ct.No. RIF124813) |
| ROBERT CHARLES EVANS, | O P I N I O N |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Michele D. Levine, Judge.  Affirmed.

Laura Schaefer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## I.  SUMMARY OF FACTS AND PROCEDURAL HISTORY[1]

In July 2005, defendant and appellant Robert Charles Evans and a female accomplice entered a Kohl's store where it appeared the accomplice concealed items of clothing in her bag or backpack.  The two were being watched by Kohl's loss prevention personnel.  Defendant left the store ahead of the accomplice and got into the driver's side of a pickup truck and drove toward the front of the store.  There was no one else in the truck.

The accomplice left the store without paying for the items in her bag.  When a Kohl's loss prevention employee attempted to stop her, she jumped into the back of the truck and screamed, "Leave[,] [l]eave" or "[g]o, go, go."  As defendant drove away, the police arrived in a marked patrol car.  The officer saw defendant driving the truck.  A high-speed chase ensued.  Eventually, defendant pulled into a parking lot, jumped out of the driver's seat, fled on foot, and was apprehended.

After his arrest, defendant told the police he did not know his accomplice was going to steal anything from Kohl's and that the accomplice, not he, drove the truck away from the store.

At trial, the prosecution relied on Kohl's video surveillance recordings and on testimony by Kohl's personnel and police officers identifying defendant as the driver of the getaway truck.

---

[1] We have granted defendant's request to take judicial notice of the record in defendant's prior appeal in case No. E045244.

In contrast to his statements in his postarrest interview, defendant testified that a third person, "Joe," was the driver of the getaway truck. He explained that when the police chase began, he told Joe to let him out of the truck because he did not want to be involved, but Joe kept driving.

A jury convicted defendant of felony petty theft (having been previously convicted of carjacking), burglary, and evading arrest. The jury also found true allegations of six strike prior convictions.

Prior to sentencing, defendant indicated he wanted to represent himself and move for a new trial based on the ineffectiveness of his trial counsel. The court appointed counsel "as to the issue of whether or not to file a motion for new trial based on inadequacy of counsel." The new counsel subsequently informed the court that the alleged inadequacy of trial counsel was not a proper basis for a new trial motion. The court never inquired of defendant as to the reasons why he believed his counsel was ineffective. At a subsequent hearing, defendant asked the court if he could represent himself. The court told him he could not.

The court subsequently denied defendant's motion to dismiss defendant's strike priors pursuant to Penal Code section 1385 and *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497. He was sentenced to 27 years to life.

On appeal, this court held that defendant's statements to the court triggered the court's duty to hold a *Marsden*[2] hearing, which the court failed to do. We reversed the

_____

[2] *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).

3

judgment with directions to determine whether defendant desired to represent himself or have new counsel appointed to represent him for purposes of making a motion for a new trial and, if so, to conduct a hearing pursuant to *Marsden* or *Faretta v. California* (1975) 422 U.S. 806. (*People v. Evans* (Sept. 1, 2009, E045244) [nonpub. opn.].)

Upon remand, defendant indicated he desired the appointment of new counsel. The trial court then conducted a *Marsden* hearing and denied defendant's motion for new counsel. However, when defendant's attorney thereafter declared a conflict, the court appointed new counsel for defendant.

In June 2011, defendant, with the aid of counsel, filed a *Romero* motion to dismiss defendant's strike priors. The court denied this motion.

In April 2012, defendant requested the appointment of substitute counsel and a *Marsden* hearing. The court held the requested hearing and denied the request for new counsel.

In May 2012, defendant requested to proceed in propria persona. The court informed defendant of his right to have counsel appointed for him and of the risks in representing himself. Defendant acknowledged, in writing and in court, his understanding of his rights and the risks of self-representation. After determining that defendant's decision to represent himself was made knowingly, intelligently, and voluntarily, the court granted defendant's request.

In August 2012, defendant filed a motion for new trial. This motion was subsequently withdrawn. He filed a second motion for new trial in September 2012. The

4

motion was based upon the alleged failure of his counsel to preserve and introduce evidence of a recording of a 911 call regarding the incident at the Kohl's store and a portion of the in-store video surveillance recording that was not shown at trial.

The People filed written opposition to the motion for new trial in October 2012. Defendant filed a reply brief in December 2012.

At a hearing held on December 7, 2012, defendant requested that counsel be appointed for him for the purpose of petitioning the court to recall his sentence and for resentencing under Penal Code section 1170.126.[3] The court granted the request.

In February 2013, defendant's appointed counsel filed a supplemental brief in support of defendant's motion for new trial. Counsel stated he had reviewed the papers filed regarding the motion for new trial, read the trial transcript, reviewed trial counsel's entire file, and researched the law; he declared he was satisfied that the contentions defendant made in his moving and reply papers were the "only points of contention potentially available to him as grounds for a new trial motion," and that he had "found no facts to add to the new trial motion." He then set forth the following to "list [defendant's] contentions in a coherent, understandable way so that the court can easily reference them in its consideration should [defendant's] syntax from his writings be impenetrable":

---

[3] Prior to the appointment of counsel on December 7, 2012, defendant had filed in the superior court a petition for writ of habeas corpus to recall the sentence and be resentenced under Proposition 36. The petition was deemed a petition for recall of sentence pursuant to Penal Code section 1170.126. The court denied the request on the ground that defendant had a strike prior for attempted murder with premeditation and deliberation, which made him ineligible for resentencing. (See Pen. Code, §§ 1170.126, subd. (e)(3), 667, subd. (e)(2)(C)(iv)(IV).)

"1.  The Public Defenders' office lost the 911 call placed on the day of the alleged crimes by [a Kohl's employee] that [the employee] she made during the video surveillance that supposedly shows [defendant's accomplice] stealing and [defendant] leaving the store.  This call could have been used [to] contradict the time code of the video.  The 911 dispatch logs of this call show such discrepancies.  [Defendant] contends that the failure to have or use this evidence at trial constitutes ineffective assistance of counsel.

"2.  The 911 call of [another Kohl's employee] was not admitted at trial, and could have demonstrated [the employee's] flippant tone, which could have called into question her credibility.  [Defendant] contends that this was an error of law by the Court.

"3.  [Defendant's trial counsel] failed to focus jury attention sufficiently on the missing video footage from the security camera.  The stipulation was that the footage ended at 2:30.  But, the video itself showed that it cut off at 2:23, just before it would have shown who was actually driving the truck.  While [trial counsel] did mention this in his closing, [defendant] contends that [counsel's] failure to make more of it during the trial proper, or to cross[-]examine [the Kohl's employees] about it constitutes ineffective assistance of counsel."

After a hearing held in March 2013, the court denied the new trial motion and reinstated the original judgment.  The alleged deficiencies of counsel, the court explained, neither fell below the standard of performance of a criminal defense counsel nor caused defendant any prejudice.  Regarding the argument that exculpatory evidence

had not been produced or preserved, the court noted that this argument had been made by trial counsel in a *Trombetta*[4] motion prior to trial, which the court had denied.

Defendant appealed.

## II. DISCUSSION

Upon defendant's request, this court appointed counsel to represent him on appeal. Counsel filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436, setting forth a summary of the case's procedural and factual history with citations to the record and the record in the prior appeal. Counsel did not identify any potentially arguable issues on appeal. She requested that we independently review the entire record in this case. Counsel and this court offered defendant an opportunity to file a personal supplemental brief, but he has not done so.

Pursuant to *People v. Wende, supra,* 25 Cal.3d 436, we have independently examined the record (including the record in the prior appeal) and have concluded there are no arguable issues on appeal.

---

[4] *California v. Trombetta* (1984) 467 U.S. 479.

### III. DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

KING _____
                      J.

We concur:

RAMIREZ _____
              P. J.

HOLLENHORST _____
              J.